```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

NABY TOURE,
                                                    MEMORANDUM & ORDER
                Plaintiff,
                                                    12-CV-628 (KAM)
        -against-

CITY OF NEW YORK; CIVIL COURT OF THE
CITY OF NEW YORK; JUDGE CAROL R. FEINMAN;
JUDGE JANE DOE; HOWARD J. SCHAIN,
New York City marshal; 330 EMPIRE LLC;
SOL MANN; TEDDY MANN; JOHN DOE 1,
son of Sol Mann; JOHN DOE 2, son of
Sol Mann,

                Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge**:

On February 8, 2012, Naby Toure ("plaintiff") filed this *pro se* action against the defendants asserting claims pursuant to 42 U.S.C. § 1983 in connection with the alleged illegal eviction of plaintiff from private commercial rental property.  (*See* ECF No. 1, Complaint ("Compl.") ¶ 12.)  Plaintiff seeks compensatory damages of $44,000, punitive damages of $1,000,000, and a temporary restraining order.  (*Id.* at 5.)  Defendant's request to proceed *in forma pauperis* is granted solely for the purpose of this Order.  For the reasons set forth below, the Complaint is dismissed.

## BACKGROUND

The facts described herein are taken from the allegations in the Complaint. On March 1, 2004, plaintiff entered into a two-year lease to rent a store located at 1026 Nostrand Avenue in Brooklyn, New York from defendants Sol Mann ("Mr. Mann") and 330 Empire LLC ("330 Empire"). (*See* Compl. at 2 & ¶ 2.) Plaintiff paid a security deposit of $9,000 and also spent $35,000 for repairs to the property. (*Id.* ¶¶ 2, 6.) There was an agreement among plaintiff, Mr. Mann, and 330 Empire that upon expiration of the two-year lease, plaintiff would become a partner in an unspecified business and "split the property equally." (*Id.* ¶ 2.) When the two-year lease expired on February 28, 2006, Mr. Mann and 330 Empire did not issue a new lease, but a "verbal commitment was agreed upon" in which Mr. Mann agreed to continue to collect $2,500 per month from plaintiff "until the business became profitable." (*Id.* ¶ 3.) Plaintiff continued to operate the business on the premises and make rent payments to Mr. Mann or his three sons, who at times did not provide the plaintiff with receipts and also "attempted to get paid twice within a single month." (*Id.*)

On July 22, 2011, plaintiff appeared before the Landlord-Tenant Part of the Civil Court of the City of New York in Kings County pursuant to a summons for an eviction proceeding with respect to the store at 1026 Nostrand Avenue (the "Civil Court

Action"). (*Id.* ¶¶ 4-7.) Because the petitioning landlords Mr. Mann and 330 Empire did not appear at the hearing, the matter was dismissed and a default was declared. (*Id.* ¶ 5.) On November 29, 2011, plaintiff received a notice of eviction from defendant Howard J. Schain ("Schain"), a New York City marshal, "stating that there had been a court warrant issued authorizing [him] to evict." (*Id.* ¶ 7.) On November 30, 2011, plaintiff appeared in the Civil Court Action and filed an order to show cause upon defendants Mr. Mann, 330 Empire, and Schain. (*Id.* ¶ 8.) Finally, on December 13, 2011, plaintiff filed a Notice of Removal seeking to remove the Civil Court Action to this court. *See 330 Empire LLC v. Toure*, No. 11-CV-6141(KAM), 2011 U.S. Dist. LEXIS 149103, at *1 (E.D.N.Y. Dec. 28, 2011). By a Memorandum and Order dated December 28, 2011, this court found that removal should not be permitted because the court lacked subject matter jurisdiction and remanded the case back to the Civil Court of the City of New York, County of Kings, Index No. 79358/11. *Id.* at *5-6.

Plaintiff then commenced this action on February 8, 2012 alleging that defendants "conspired to cover up the truth and to hold an illegal eviction" and that defendants Mr. Mann and 330 Empire breached their verbal contract with plaintiff. (Compl. ¶ 12.) Specifically, plaintiff alleges that an *ex parte* holdover proceeding was held in violation of his substantive and procedural due process

rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. (*Id.* ¶¶ 7-8, 11.) Additionally, plaintiff alleges that the "illegal [holdover] action was filled with fraud, perjured reports and false written statements," which defendant Judges Carol R. Feinman and Jane Doe relied upon "to render an illegal decision without affording plaintiff the opportunity to be heard . . . ." (*Id.* ¶¶ 8, 9, 11.) Finally, plaintiff alleges that the defendant City of New York "has allowed the New York Civil Court to operate outside the scope" of the United States Constitution, and that the City of New York is thus liable under a theory of respondeat superior. (*Id.* ¶ 9.)

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In reviewing plaintiff's complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

4

Pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Indeed, federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and "[w]here jurisdiction is lacking, . . . dismissal is mandatory," *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

## **DISCUSSION**

Subject matter jurisdiction in this case is premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Here, plaintiff invokes the court's federal question jurisdiction by asserting claims pursuant to 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must establish that the defendants deprived

5

him of a federal or constitutional right while acting under color of state law. *See Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Although plaintiff asserts claims under Section 1983, he fails to allege a claim arising under that statute. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) ("[T]he district court has subject matter jurisdiction unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotation marks omitted)). Plaintiff's reliance on Section 1983 is misplaced because the gravamen of plaintiff's complaint concerns the allegedly "illegal eviction" of plaintiff from private commercial rental property at 1026 Nostrand Avenue, which is purely a matter of state law. Indeed, "it is well settled that the landlord-tenant relationship is fundamentally a matter of state law," *Kheyn v. City of New York*, Nos. 10-CV-3233(SLT), 10-CV-3234(SLT), 2010 U.S. Dist. LEXIS 77708, at *4 (E.D.N.Y. July 27, 2010) (citing cases), and that "[f]ederal courts do not have subject-matter jurisdiction over landlord-tenant matters." *Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 U.S. Dist. LEXIS 59483, at *6 (E.D.N.Y. July 31, 2008) (citations omitted) (finding no subject matter jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction

proceeding); *see also Senior v. Univ. Towers Assoc.*, No. 08-CV-0387 (ENV), 2008 U.S. Dist. LEXIS 18274, at *6-7 (E.D.N.Y. Mar. 4, 2008) (same); *Harris v. Dep't of Hous. Pres. & Dev.*, No. 07-CV-0067 (DLI), 2007 U.S. Dist. LEXIS 11730, at *5-6 (E.D.N.Y. Feb. 15, 2007) (same).

Moreover, like the removal action previously filed by plaintiff in this court, to the extent plaintiff challenges a final order or judgment from the Civil Court of the City of New York regarding his eviction from 1026 Nostrand Avenue, the action would be barred from federal review under the Rooker-Feldman doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 n.16 (1983), *and Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Pursuant the Rooker-Feldman doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Accordingly, federal courts lack jurisdiction to stay or enjoin state court orders of eviction. *See Rossman v. Stelzel*, No. 11-CV-4293 (JS), 2011 U.S. Dist. LEXIS 120174, at *11 (E.D.N.Y. Oct. 13, 2011) ("[C]ourts within this Circuit routinely hold that a federal court action seeking to overturn a state court judgment

7

of foreclosure or eviction is barred by the Rooker-Feldman doctrine." (citing cases)). If plaintiff seeks to challenge the disposition of the Civil Court Action, he must pursue his remedies in state court.

Finally, the court notes that, even if this court had subject matter jurisdiction over plaintiff's claims, the claims against Judges Carol R. Feinman and Jane Doe of the Civil Court of the City of New York, Kings County, must be dismissed as frivolous because a "judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in h[er] judicial capacity." *Ceparano v. Doe*, 404 F. App'x 537, 539 (2d Cir. 2011) (summary order) (quoting *Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir. 1990)); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "The absolute judicial immunity of the court and its members 'is not overcome by allegations of bad faith or malice,' nor can a judge 'be deprived of immunity because the action he took was in error . . . or was in excess of his authority.' This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were 'in the complete absence of [all] jurisdiction.'" *Rosquist*, 2008 U.S. Dist. LEXIS 59483 at *8 (quoting *Mireles v. Waco*, 502 U.S. 9, 11-13 (1991)). Here, plaintiff's allegations involve the Judges'

8

handling of the eviction proceedings (*see* Compl. ¶¶ 8, 9, 11), which are clearly judicial acts performed within their judicial capacities. Accordingly, defendant Judges Carol R. Feinman and Jane Doe are each shielded from liability by absolute judicial immunity, and even if the court had jurisdiction over plaintiff's claims, any such claims against them would thus be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## **CONCLUSION**

Accordingly, for the reasons set forth above, the *pro se* Complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and the request for a temporary restraining order is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 3, 2012

                                            /s/
                                    KIYO A. MATSUMOTO
                                    United States District Judge